Case 1:23-cv-01841 Document #: 60 Filed: 06/05/23 Page 1 of 5 PageID #:881
2:23-mn-02873-RMG    Date Filed 06/05/23    Entry Number 3257    Page 1 of 5
Case MDL No. 2873   Document 1927   Filed 06/05/23   Page 1 of 5






A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*
DEPUTY CLERK

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2873

**TRANSFER ORDER**

    **Before the Panel**:* Defendant 3M Company moves under 28 U.S.C. § 1407(c) to transfer the three actions listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873. Plaintiffs in the *Broy* and *State of Illinois* actions oppose transfer. No party responded to the motion to transfer the *City of Corona* action.

    This litigation involves allegations that aqueous film-forming foams (AFFFs), which are used to extinguish liquid fuel fires, contaminated the groundwater near locations where they were used with perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA), which allegedly were contained in the AFFFs and are toxic. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). Because an MDL that incorporated all actions involving PFOA or PFOS would raise management concerns due to its breadth, we have, since the outset of this litigation, limited the MDL to actions that involve claims relating specifically to AFFFs. *See id.* at 1396. For this reason, parties seeking to transfer an action that does not on its face raise AFFF claims bear a significant burden to persuade us that transfer is appropriate. *See* Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541.

    Turning first to *City of Corona*, the initial complaints filed in this action did not, on their face, involve AFFF claims, but were more generally directed to alleged contamination by per- or polyfluoroalkyl substances (PFAS) stemming from two industrial facilities within the City that allegedly manufacture roofing shingles. The most recently amended complaint, however, includes allegations that some of the alleged PFAS contamination may have been caused by the use or disposal of AFFF products. In addition, 3M argues that the same contaminated water supply is at issue in at least one other action pending in the MDL.[1] 3M further states that counsel for plaintiffs have informed 3M that they do not oppose transfer. In these circumstances, 3M has met its burden of showing that this action raises factual questions pertaining to AFFFs and that transfer is appropriate.

---

* Judge David C. Norton did not participate in the decision of this matter.

[1] *See Orange County Water Dist. v. 3M Co.*, C.A. No. 2:22-01798 (D.S.C. transferred Jun. 1, 2022).

- 2 -

The *Broy* action involves much the same facts as *City of Corona*. Plaintiffs seek to represent a putative class of all persons within the City of Corona who were exposed to the PFAS allegedly contaminating the City's water supply. Unlike the *City of Corona* complaint, the *Broy* complaint does not contain any allegations relating to AFFFs. But plaintiffs' claims in *Broy* substantially overlap with the claims in *City of Corona* and necessarily will involve common questions of fact regarding, for instance, the nature of the alleged PFAS contamination and its source(s). Plaintiffs' arguments to the contrary are not persuasive. Their own water provider is alleging that the water contamination at issue in both *Broy* and *City of Corona* was caused, at least in part, by AFFFs. Regardless of how plaintiffs characterize their complaint, these actions are sufficiently intertwined that transfer is necessary to avoid duplicative discovery and pretrial proceedings.

Plaintiffs in *Broy* also argue that the procedural posture of the MDL counsels against transfer. This argument, too, is unconvincing. While much of the common discovery in the MDL has been completed, the bellwether discovery and trial process has only just begun, with the first water provider bellwether trial scheduled to begin in June 2023. There remains ample scope for the parties and the courts to realize efficiency and convenience benefits through continued transfer of actions to MDL No. 2873.

The motion to transfer in *State of Illinois* presents a somewhat closer question. The State brings this action as *parens patriae* to hold defendants liable for PFAS contamination of Illinois' natural resources. The State in its complaint explicitly excludes PFAS contamination stemming from AFFF use or disposal, and it has filed a separate "AFFF action" directed to such contamination. Even so, as defendant 3M argues in its motion, the State's complaint identifies specific "community water supplies" (CWS) that are at issue in the MDL. Specifically, the complaint identifies the Evanston, Fox Lake, and Hawthorn Estates CWS as allegedly contaminated PFAS sites at issue in this action. *See* Compl. ¶¶ 252–60, 282–91, 302–11, *State of Illinois*, C.A. No. 1:23-01341 (N.D. Ill.). But the City of Evanston, Village of Fox Lake, and Hawthorn Estates have each directly filed actions in the MDL seeking to recover costs related to the alleged contamination of those sites caused by AFFF.[2] In addition, the State cites in its complaint an Illinois EPA listing of "PFAS Sites," many of which are also the subject of municipal AFFF actions in the MDL. *See id.* ¶ 15 & n.2.

---

[2] *See* Compl. ¶ 11, *City of Evanston, Ill. v. 3M Co.*, C.A. No. 2:22-04304 (D.S.C. filed Nov. 29, 2022) ("PFAS containing fluorochemicals/intermediates and AFFF were used at fire training facilities, and/or fire departments such that those compounds traveled by stormwater, surface water, groundwater, and contaminated Plaintiff's drinking water supply."); Compl. ¶ 11, *Village of Fox Lake, Ill. v. 3M Co.*, C.A. No. 2:22-04086 (D.S.C. filed Nov. 16, 2022) (same); Compl. ¶¶ 6, 11–12, *Hawthorn Estates v. 3M Co.*, C.A. No. 2:23-00503 (D.S.C. filed Fe. 6, 2023) (alleging that defendants' AFFF products were "sold to fire training facilities, such as the Grundy Area Vocational Center ('GAVC')," that "[f]ire training facilities, such as GAVC, used AFFF Products containing PFOS and PFOA," and that the alleged "contamination is a direct and proximate result of fire training activities at GAVC that used AFFF, resulting in the migration of PFAS into Plaintiff's groundwater supplies").

- 3 -

In opposition to transfer, the State characterizes the municipal complaints in the MDL as speculative, whereas the State's complaint allegedly is based on an extensive preliminary investigation. This argument proves too much, as it would require the Panel to essentially engage in a merits review of the complaints based on the amount of detail of plaintiffs' respective pre-suit investigations. It is sufficient that multiple CWS complaints in the MDL involve the same water sources as the State of Illinois complaint. Just as with *Broy* and *City of Corona*, transfer of *State of Illinois* is necessary to avoid overlapping discovery and duplicative pretrial proceedings.[3] *Cf.* Transfer Order at 1, MDL No. 2873 (Apr. 2, 2019), ECF No. 384 (transferring actions brought by the State of New York and the State of Ohio, in part because "at least three contamination sites identified in these complaints . . . already are at issue in actions brought by non-state entities pending in the MDL").

The State's various arguments that transfer of its action would violate the Tenth and Eleventh Amendments to the U.S. Constitution are not well taken. The Panel has transferred several state *parens patriae* actions to the MDL. *See id.*[4] To the extent the State takes issue with the transferee court's organization of the MDL (specifically, with respect to lead counsel), it may of course raise these issues with the transferee court. But we note that actions transferred under Section 1407 "ordinarily retain their separate identities." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015). Thus, the transferee court's appointment of leadership counsel to organize the litigation should not affect the Illinois Attorney General's representation of the State. And, to the extent the State argues that sovereign immunity requires remand of its action to state court, we

---

[3] The State relies heavily on two Panel orders declining to transfer actions to MDL No. 2873, both of which are readily distinguishable. The State points to our order denying transfer of an action by the State of New Hampshire that, like the State of Illinois here, sought damages for alleged statewide PFAS contamination of natural resources and separately filed an AFFF action that was transferred to the MDL. *See* Order Vacating Conditional Transfer Order, MDL No. 2873 (J.P.M.L. Aug. 3, 2022), ECF No. 1511. There was no argument that other actions in the MDL brought by municipalities or water suppliers alleged that the water sources at issue in the New Hampshire complaint were contaminated through AFFF use or disposal.

Similarly, the State compares its action to the eight Long Island water provider/municipality actions that we declined to transfer to the MDL. *See* Order Denying Transfer, MDL No. 2873 (J.P.M.L. Mar. 27, 2020), ECF No. 620. Defendants there argued that plaintiffs all drew water from the same aquifer on Long Island, which was already at issue in the MDL. But, like *State of New Hampshire*, no party argued that the individual CWS themselves were at issue in the MDL, and we declined to adopt defendants' conclusion that, because one Long Island municipality had alleged AFFF contamination, any PFAS action brought by a Long Island CWS, anywhere within the aquifer, necessarily involves AFFF. *Id.* at 2 n.3.

[4] *See also* Transfer Order, MDL No. 2873 (J.P.M.L. Jun. 2, 2020), ECF No. 650 (transferring *State of New Mexico*); *In re AFFF*, MDL No. 2873, 2021 WL 755083, at *3-4 (J.P.M.L. Feb. 4, 2021) (transferring State of Michigan's putative "commercial AFFF" case); Transfer Order at 3–5, MDL No. 2873 (J.P.M.L. Jun. 7, 2021), ECF No. 1020 (transferring State of Michigan's putative "non-AFFF" case); Transfer Order at 2, MDL No. 2873 (J.P.M.L. Dec. 13, 2022), ECF No. 1646 (transferring *State of Wisconsin*).

- 4 -

note that such jurisdictional objections generally do not present an impediment to transfer.[5]  *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

Accordingly, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of PFOS and/or PFOA into local groundwater and contaminated drinking water supplies.  The actions in the MDL share factual questions concerning the use and storage of AFFFs; the toxicity of PFAS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies.  *See In re AFFF*, 357 F. Supp. 3d at 1394.  The three actions listed on Schedule A, for the reasons stated, will share common questions of fact with the AFFF actions in the MDL and will benefit from inclusion in the centralized proceedings.  Even so, we recognize that transfer of actions that, on their face, do not allege AFFF claims could increase the complexity of this already complex litigation.  Should the transferee judge determine that continued inclusion of these actions in the MDL will not enhance the convenience of the parties and witnesses or the efficiency of the litigation, he can suggest Section 1407 remand of these actions with a minimum of delay.  *See* Panel Rules 10.1–10.3.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
Roger T. Benitez            Dale A. Kimball
Madeline Cox Arleo

---

[5] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

Case: 1:23-cv-01341 Document #: 60 Filed: 06/05/23 Page 5 of 5 PageID #:885
2:18-mn-02873-RMG     Date Filed 06/05/23    Entry Number 3257    Page 5 of 5
Case MDL No. 2873   Document 1927   Filed 06/05/23   Page 5 of 5

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                         MDL No. 2873


SCHEDULE A


Central District of California

BROY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 5:23−00194
CITY OF CORONA, ET AL. v. 3M COMPANY, ET AL., C.A. No. 5:23−00208

Northern District of Illinois

PEOPLE OF THE STATE OF ILLINOIS v. 3M COMPANY, ET AL.,
    C.A. No. 1:23−01341